W. W. YOUNGSON, Jr., and J. S. Baker, doing business as Youngson Auto Service, Plaintiffs,

v.

TIDEWATER OIL COMPANY, a corporation, Defendant.

Civ. 9020.

United States District Court D. Oregon.

Sept. 20, 1958.

SOLOMON, Judge.

Plaintiff, a service station operator in Portland, Oregon, filed an action against defendant Tidewater Oil Company for treble damages and injunctive relief based upon alleged violations of the Robinson-Patman Act, 15 U.S.C.A. §§ 13 and 15.

In his amended complaint he alleged that defendant unlawfully discriminated against the plaintiff by selling the same gasoline and oil products to other dealers in Portland and the immediate area at lower prices, and by allowing discounts and rebates which were not given to plaintiff; and that such discrimination (1) caused competing dealers to reduce the retail price and thereby diverted cus-

tomers from the plaintiff, and (2) caused competing dealers to sell at lowered prices which destroyed competition between plaintiff and the favored dealers, and (3) caused competing dealers to sell at a fictitious controlled price destroying competition between competing dealers, and between plaintiff and competing dealers.

On numerous occasions I have stated that Federal Courts in general and this court in particular have been reluctant to dismiss cases without a hearing on the merits. No such motion should be granted where a claim for relief has been defectively stated. It must appear from the allegation that no claim for relief exists. Gruen Watch Co. v. Artists Alliance, Inc., 9 Cir., 1951, 191 F.2d 700. During the hearing on the motion to dismiss the original complaint, it was agreed that in anti-trust actions the pleadings must contain a much more extensive statement of the facts than in a simple negligence or contract case and that generalities and legal conclusions are not sufficient to predicate a claim for violation of the Robinson-Patman Act upon which relief may be granted.

At the hearings on the motions to dismiss both the original and the amended complaints, the defendant contended that in order for plaintiff to prevail, he must plead and prove that he lost business directly to a dealer or dealers who received the benefits of discriminatory prices from the defendant, and who were in actual competition with the plaintiff. Defendant contended that the plaintiff failed to do this either in his original or in his amended complaint. This strict interpretation of the Robinson-Patman Act was announced in the case of Enterprise Industries, Inc., v. Texas Co., 2 Cir., 1957, 240 F.2d 457, and was followed in the case of Alexander v. Texas Co., D.C.La. 1957, 149 F.Supp. 37.

In the Enterprise case, Judge Learned Hand held that plaintiff must show that the price discrimination actually diverted customers to the favored dealers, or forced plaintiff to lower his retail price in order to compete. He pointed out that the question is not how much better off plaintiff would be if he had paid a lower price but how much worse off he is because others have paid less. Following this holding, the court in the Alexander case, with a fact situation similar to the case at bar, held that the complaining service station dealer must prove he actually lost business to a favored dealer.

At the hearing on the motion to dismiss the original complaint, counsel for the plaintiff stated that he would make a further examination of the facts to determine whether they met the rigid standards announced in the Enterprise and Alexander cases and that he would file an amended complaint in which he would fully allege the matters which his examination disclosed he could prove. Although in his amended complaint, plaintiff alleges that customers of his were diverted, he does not allege that they were diverted to dealers receiving a preferential price from the defendant.

In my view, to come within the reach of the provisions of the Robinson-Patman Act, one must show lost profits resulting from the necessity of meeting the prices of favored competitors or lost sales to such favored competitors due to one's inability to meet their prices, or both. To determine whether dismissal in this case is proper, the amended complaint must be viewed not only in the light of the applicable law, but also in the light of the discussions at the original hearing, particularly plaintiff's statement of intention. I, therefore, find that this is not a case in which a claim for relief was defectively stated, but rather it is a case in which no claim for relief exists.

Defendant's motion to dismiss plaintiff's amended complaint is granted.